UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **CURTIS LEE SHEPPARD, JR.,** § | | |
| TDCJ ID No. 1656666 § | | |
| § | | |
| **Petitioner,** § | | |
| § | | |
| v. § | | **CIVIL ACTION NO.** |
| § | | **7:13-cv-142-O-BL** |
| **TODD FOXWORTH,** § | | |
| Warden, § | | **ECF** |
| § | | |
| **Respondent.** § | | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Before the court is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 by Petitioner Curtis Lee Sheppard, Jr., who is currently confined at the Michael Unit of the Texas Department of Criminal Justice in Tennessee Colony, Texas. The petition, in which Sheppard challenges the validity of his conviction, was filed on November 18, 2013, (Doc. 3-1), and accompanied by a proposed supporting brief, (Doc. 5-1). This is the same conviction that Sheppard challenged in a previously filed habeas petition. *See Sheppard v. State of Texas*, No.7:12-cv-061-O-BL (N.D. Tex.–Wichita Falls Division) (case pending) (hereinafter, "Original Petition").

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. In general, a later petition is successive when it raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009); *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003). The grounds for relief set forth in the instant petition were raised,

or could have been raised, in Sheppard's earlier petition.[1]

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A) (2012). Because the instant petition is successive, this court is without jurisdiction to entertain the claims unless leave to file is granted by the Fifth Circuit. *See Crone*, 324 F.3d at 836-37.

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED** as successive, but without prejudice to Petitioner's right to seek leave to amend his Original Petition or seek leave to file from the Fifth Circuit.

It is also recommended that Sheppard be **BARRED** from filing any further habeas petition, which challenge the conviction in his Original Petition, without permission from the Fifth Circuit. Considering that Sheppard has filed multiple successive habeas petitions attacking the same conviction, Sheppard is warned that if he persists in filing such successive petitions, the Court may impose monetary sanctions against him or prohibit him from filing *any* future petition without permission from the Fifth Circuit.

**IT IS THEREFORE ORDERED** that this case is **TRANSFERRED** back to the docket of the United States district judge.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. In order to be specific, an

---

[1] Sheppard may seek leave to amend his Original Petition (with attachment of any supporting briefs), which challenges the same conviction and is pending (No.7:12-cv-061-O-BL).

objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

**SO ORDERED.**

Dated this 19th day of November, 2013.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**